**The STATE of Texas, Appellant,**

v.

**The CITY OF TYLER et al., Appellees.**

**No. 224.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 13, 1966.

Rehearing Denied Nov. 10, 1966.

Waggoner Carr, Atty. Gen. of Texas, J. Milton Richardson, Asst. Atty. Gen. of Texas, Austin, for appellant.

Troy Smith, City Atty., Henry L. McGee, Jr., Asst. City Atty., Tyler, for appellees.

SELLERS, Justice.

Appellees brought this suit in the District Court of Smith County, Texas, in trespass to try title against the State of Texas to recover the fee simple title to some sixteen (16) tracts of land now comprising the Tyler State Park. The authority to bring this suit was granted the City and County by the Legislature. The suit likewise seeks to recover $360,000.00. The State answered in the case denying the allegations in the petition and a plea of not guilty and a certain alternative plea in the event the appellees should recover, seeking to recover of the City and County the value of the improvements made by the State in the sum of $710,465.00.

The case was tried to the Court without the aid of a jury, and resulted in a judgment for plaintiffs, the City of Tyler and Smith County, for judgment for the fee simple title to the land involved. Among

other matters, the Court's judgment contained the following:

"Said title of THE CITY OF TYLER AND SMITH COUNTY, TEXAS, is subject to the permissive condition of user of the surface by the State of Texas for park purposes only, as is more fully set forth in a following paragraph herein; * * *.

* * * * * *

"IT IS ALSO FURTHER ORDERED, ADJUDGED AND DECREED by the Court that THE STATE OF TEXAS shall have the privilege of continuing to operate a state park on the surface of said land, so long as such surface of said land is used by the STATE OF TEXAS for park purposes in accordance with the terms and provisions of Article 6081e of the Revised Civil Statutes of Texas, as the same existed in the year of 1935 and 1936, it being specifically decreed that THE CITY OF TYLER AND SMITH COUNTY, TEXAS, and their lessees, their successors and assigns, for oil and gas purposes, shall have full authority to enter upon said land for any lawful purpose including, without limitation, the right to prospect for oil and gas and develop and operate for the production of oil, gas and other minerals, as is provided for in said leases.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiffs, THE CITY OF TYLER AND SMITH COUNTY, TEXAS, shall recover, jointly and equally, of and from THE STATE OF TEXAS, the sum of ONE HUNDRED FORTY-SEVEN THOUSAND FOUR HUNDRED TWENTY-FOUR AND NO/100 ($147,424.00), together with interest thereon at the rate of six (6%) percent per annum from the date of this Judgment until paid."

From this judgment, the State has duly prosecuted this appeal. It was around 1934 or 1935 that the City of Tyler became interested in the establishment of a State Park, and in pursuance of this desire, contact was made with the County for a joint adventure with the State Parks Board (later, the name of the State Parks Board was changed to Texas Parks and Wildlife Department) to establish the Tyler State Park by the City and County purchasing sixteen (16) tracts of land for the sum of some twenty thousand dollars, the City to pay ten thousand dollars and the County to pay ten thousand dollars of the purchase price. It seems that the County had its money, but the City had to vote bonds to raise its money, which was done.

It was agreed that sixteen (16) tracts of land would be acquired for the site of the park and separate deeds from sixteen different grantors were executed, naming the State Parks Board as grantee. Some of these deeds retained in the grantor certain royalty interests and a greater number of the deeds provided that if the land should cease to be used for park purposes, the title to the same would revert to the City of Tyler and Smith County, Texas. It was provided that these deeds would be placed in escrow in a bank until all the consideration was paid to the grantors by the City of Tyler and Smith County, Texas.

The consideration for the deeds was duly paid by the City of Tyler and Smith County and the deeds were later recorded in the Deed Records of Smith County, Texas.

It is without dispute that the State Parks Board took possession of the lands and developed the same into the State Park of Tyler, and over the years spent thousands of dollars of the State's money as well as certain federal funds made available for the purpose of providing parks. The State is still operating the park and has continuously since it took possession around 1935.

Several years after this park was established, the State leased a portion of this land for oil and gas, and producing wells were the result. At the time of the trial, the State had collected $147,424.00 in royalties for the oil produced.

It appears from the record that the City and County discovered for the first time after the State leased the land for oil and gas that the deeds were made to the State Parks Board rather than the City of Tyler and Smith County, and this suit was brought claiming the fee title to the lands. There is no pleading that would authorize the Court to reform the deeds to the Parks Board by making the City and County the grantee therein.

 The City and County are relegated then to such rights as they have by virtue of paying the consideration for the land. Our Courts recognize the rule that a party can have an equitable or a legal title to land, or the two titles may be in separate parties, and the one owning the equitable title may sue in trespass to try title to recover the legal title which stands in the name of the other party. Hereford Land Company et al. v. Globe Industries, Inc., Tex.Civ.App., 387 S.W.2d 771.

.The appellees seek to recover the legal title to the lands involved on the theory that they own the equitable title, and the appellant owns the legal title and that appellant was a trustee holding, at all times, the legal title for appellees. This rule has been upheld many times in this State but there is one well recognized exception to it, and that is where a gift or other purpose was intended, no trust is created. 57 T.J.2d 643, Section 265. This record is without dispute that the entire negotiations for the purchase of the lands involved were to secure a State Park by the appellees for the use and benefit of its citizens. The arrangements contemplated that appellees would acquire the land and that the State Parks Board would develop and maintain the Park. This was so evident in the trial that the Court in its judgment did not dispossess the appellant from its use of the land for park purposes.

Having failed to show equitable title to the land, then appellees were not entitled to recover. But, appellant contends that the City and County did not have the power under the law to pay for the land which was conveyed to the Parks Board for the establishment of the Tyler State Park. With this, we do not agree. We are of the opinion that the question has been foreclosed against appellees by the reasoning, if not the holding, in the case of King v. Sheppard, Tex.Civ.App., 157 S.W.2d 682 and the authorities therein cited.

The conclusion above reached renders the other assignments of appellant unnecessary to decide.

The judgment of the trial court is reversed and judgment rendered for appellant.